UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALFARO CLARK,

        Plaintiff,

v.                                                Case No.  6:21-cv-334-SPF

KILOLO KIJAKAZI,
Commissioner of the Social
Security Administration,[1]

        Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    **I.**    **Procedural Background**

Plaintiff filed applications for a period of disability and DIB (Tr. 169). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 117, 121). Plaintiff then requested an administrative hearing (Tr. 126). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 48–80). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is substituted as Defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

accordingly denied Plaintiff's claims for benefits (Tr. 23–47). Subsequently, Plaintiff requested review from the Appeals Council (Tr. 16). The Appeals Council granted Plaintiff's request for review (Tr. 11), but ultimately affirmed the decision of the ALJ. (Tr. 4–8). Plaintiff then filed a complaint with the U.S. District Court for the Middle District of Florida (Tr. 958–70). The district court reversed the decision of the ALJ and remanded for further proceedings (Tr. 971–82). On remand, an ALJ held a second hearing (Tr. 892–922). The ALJ issued an unfavorable decision, finding the Plaintiff not disabled (Tr. 863–91). Plaintiff then filed exceptions to the Appeals Council, which denied Plaintiff's request for review (Tr. 852–57). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1970 (Tr. 883), claimed disability beginning February 1, 2015, and last met the insured status requirements on June 30, 2018 (Tr. 868). Plaintiff has a bachelor's degree in criminology (Tr. 200, 902–03). Plaintiff has past relevant work as a security officer (Tr. 883). Plaintiff alleged disability due to PTSD, anxiety, depression, unprovoked irritability with periods of violence, suspiciousness, mild memory loss, and injury to the left foot (Tr. 199).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity during the period of his alleged onset date of February 1, 2015 through his date last insured of June 30, 2018 (Tr. 868). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: lumbar disc disease; cervicalgia; tinnitus; mild hallux

valgus deformity of the left foot; headache syndrome; left wrist degenerative changes; PTSD; major depression; and generalized anxiety (Tr. 868). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 869). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R.§§ 404.1567(b) and 416.967(b), with these limitations:

> [Plaintiff may] lift and carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours, stand for 6 hours, and walk for 6 hours over an 8-hour workday; requires a sit or stand option that allows for a change of position at least every 30 minutes which is a brief positional change lasting no more than 3 minutes at a time where the claimant remains at the workstation during the positional change; push/pull as much as can carry/lift; occasional operation of right and left hand or foot controls; occasional overhead reaching on the right and left; frequent handling, fingering, and feeling on the right and left; never climb ladders and scaffolds; occasionally climb ramps and stairs; occasionally kneel; never crawl; frequently balance, stoop, and crouch; never work at unprotected heights or around moving mechanical parts; never work in extreme heat or cold; limited to an environment with no more than moderate noise; limited to routine and repetitive tasks; limited to occasional interaction with supervisors, co-workers, and the public; off task 8% of the time in an 8-hour workday.

(Tr. 870–71). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 882).

3

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform his past relevant work as a security officer but could work as a classifier, garment sorter, or marker (Tr. 884). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (*Id.*).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions;

4

whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the

reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.   Analysis**

Plaintiff argues the ALJ did not comply with Social Security Ruling (SSR) 06-3p when evaluating Plaintiff's 100 percent VA disability rating for anxiety disorder with depressive features.[2] In response, the Commissioner contends that substantial evidence supports the ALJ's decision to assign Plaintiff's VA disability rating little weight.

The VA's guidelines pertaining to disability determinations vary from the SSA's sequential analysis, and the VA's assessment is not binding on the Commissioner. When Plaintiff filed his claim in August 2016, Social Security regulations, Social Security ruling (SSR) 06-3p, and Eleventh Circuit precedent instructed the ALJ to assign 'great weight" to the VA's disability rating. *See* 20 C.F.R. § 416.904; SSR 06-3p ("the adjudicator should explain the consideration given to [a disability decision by other governmental agencies] in the note of decision for hearing cases"); *Falcon v. Heckler,* 732 F.2d 827, 831 (11th Cir.

---

[2] Social Security Rulings do not have the force and effect of the law or regulations but are to be relied upon as precedents in determining other cases where the facts are basically the same. *Heckler v. Edwards*, 465 U.S. 870, 874 n. 3 (1984); *see also Dickson v. Comm'r of Soc. Sec.,* No. 5:13-cv-48-OC-DNF, 2014 WL 582885, *4 (M.D. Fla. Feb. 13, 2014) (quoting *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010)) ("Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference...").

1984) (holding that "[t]he findings of disability by another agency, although not binding on the [Commissioner] are entitled to great weight") (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983)).[3] "Great weight" does not mean controlling, but "tells us only that an ALJ must consider and discuss the VA's findings." *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1329 (11th Cir. 2020). "The 'great weight' standard functions as an exception to [the general rule that an ALJ need not specifically refer to every piece of evidence in his decision] by requiring an ALJ to discuss another agency's decision finding the claimant disabled." *Id.*

In deciding whether an ALJ who declined to follow another agency's decision that a claimant was disabled nonetheless properly considered that decision, courts in the Eleventh Circuit must consider two questions:

> First, the court must ask whether the ALJ's decision shows that she considered the other agency's decision. If the ALJ's decision does not discuss the other agency's decision, the case must be remanded to the Commissioner for consideration of the other agency's decision. But if the ALJ discussed the other agency's decision, the court moves on to the second step of the analysis: whether substantial evidence in the record supports the ALJ's decision to depart from the other agency's

---

[3] The SSA has amended this regulation and rescinded SSR 06-03p for claims filed *after* March 27, 2017 (Plaintiff filed his claim on August 17, 2016). The new regulation provides that the SSA will not articulate its analysis of a decision made by any other governmental agency or a non-governmental entity about whether a claimant is disabled, blind, employable, or entitled to any benefits, 20 C.F.R. § 416.904; 82 Fed. Reg. 5844 (Jan. 18, 2017); 82 Fed. Reg. 15263 (Mar. 27, 2017). In rescinding SSR 06-03p, the SSA noted that for claims filed on or after March 27, 2017, adjudicators will not explain how they weighed disability decisions from other governmental agencies and non-governmental entities, because this evidence is inherently neither valuable nor persuasive. 82 Fed. Reg. 15263. The undersigned analyzes Plaintiff's claims pursuant to the earlier guidance. In any event, the Court is bound by Eleventh Circuit precedent even in the face of new social security rulings. *See Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 661–62 (11th Cir. 2007) (Eleventh Circuit precedent that a VE's testimony trumps an inconsistent DOT provision prevails over a later-published social security ruling to the contrary).

>  decision. If there is substantial evidence in the record, then the ALJ's decision should be affirmed.

*Id.* at 1330 (citations omitted). An ALJ's reference to and discussion of medical records from the VA does not substitute for consideration of the VA's disability decision itself. *Williams v. Barnhart*, 180 F. App'x 902 (11th Cir. 2006). Instead, the ALJ must specifically address the merits of the VA's disability rating. *See id.* ("While we recognize that the ALJ's prior decision addressed at some length [the claimant's] VA medical evidence, nonetheless, in its decision the ALJ should specifically also consider and address the VA's Rating Decision itself.").

In this case, the ALJ closely scrutinized the VA's disability rating and substantial evidence supports the ALJ's decision to depart from the VA classification. Thus, the decision must be affirmed. First, the ALJ's decision shows on its face that the ALJ considered the VA's decision. The ALJ stated that the following regarding the VA's determination:

> The record documents a VA determination of 100% service connected disability (Exhibit 2D). Disability decisions by other governmental agencies are not binding on the Administration, and are evaluated with reference to factors applicable to evaluation of acceptable and other medical source opinions (SSR 06-03p). VA criteria differ from Administration criteria regarding what constitutes a finding of disability. The VA finding does not include reference to specific work activities or functional limitations, is not based on Agency policy or definitions of disability, and therefore, is not given significant weight. In this case, the claimant was rated by the VA with 100% service connected disability for anxiety disorder with depression (claimed PTSD). The VA rating letter cited factors including unprovoked irritability with periods of violence, depression affecting the ability to function independently, appropriately, and effective, disturbances of motivation and mood, mild memory loss, persistent delusions, near continuous panic affecting ability to function independently, appropriately, and effectively, obsessional rituals, persistent hallucinations, flattened affect, and

      forgetting directions (Exhibit 5F). Upon review of the evidence of record regarding limitation of work-related functioning, the undersigned does not find that the overall evidence supports disability due to mental impairment.

(Tr. 880). Accordingly, this is not a case where the ALJ erred by failing to give any consideration to the VA's decision.

      Second, substantial evidence in the record supports the ALJ's decision to depart from the VA's decision. The ALJ stated that the "overall evidence" did not support disability due to mental impairment.[4] The ALJ then thoroughly summarized the treatment records relating to Plaintiff's mental impairments and explained what limitations were supported by Plaintiff's mental impairments. The ALJ explained that Plaintiff was being treated with Buspar for anxiety, but reported to the VA in March 2015 that he was only taking it two days a week, and was weaning himself off the medication because he considered it ineffective (Tr. 880, 493). He had not taken medication consistently in the past, but when he began taking medications consistently, he felt less apprehensive and irritable (Tr. 879, 698). Moreover, he reported significant improvement

---

[4] Accordingly, Plaintiff's argument that that ALJ erred in "disregarding" the VA rating on the grounds that the VA uses different criteria to determine disability is without merit (Doc. 30 at 17). While this may be true had it been the ALJ's sole basis for rejecting the VA rating, the Court need not make that determination as the ALJ explained that the overall evidence did not support disability due to mental impairment. *See Noble*, 963 F.3d at 1331 ("Here, the ALJ did not reject the other agency's decision simply because the VA applied a different standard to determine whether Noble was disabled. Instead, the ALJ explained that the VA's decision was contradicted by more recent objective medical evidence in the record."); *see also Beshia v. Comm'r of Soc. Sec.*, 328 F. Supp. 3d 1341, 1346 (M.D. Fla. 2018) ("Summarily rejecting a VA disability rating because it is non-binding in the SSA context and relies on different criteria constitutes legal error. As does not addressing the merits of a 100% VA disability rating—particularly where based on the same underlying medical conditions at issue in the SSA proceedings.") (citations omitted).

in auditory hallucinations with Risperdal (Tr. 879, 445). In 2018, the VA also noted that Plaintiff had not received mental health treatment outside of medication management (Tr. 881, 1608). Accordingly, Plaintiff agreed to participate in group therapy and was actively engaged (*Id.*). Plaintiff also demonstrated a positive behavioral response to value-directed activities aimed at increasing beneficial interpersonal involvement and improving mood (Tr. 881, 1571).

The ALJ also noted that Plaintiff regularly had normal attention and concentration, as well as normal thought processes (Tr. 881, 445). He was calm, cooperative, focused, had adequate hygiene, and his cognition was calm and goal directed with no evidence of psychosis (*Id.*). He had no significant difficulty in processing speed, had adequate receptive and expressive language skills, fair recent memory, adequate immediate and remote memory, fair social skills, and was able to attend to questions without distraction. There was also no evidence of violent episodes or delusional thoughts during the relevant period (Tr. 881, 698). Indeed, Plaintiff was assessed with a need for only supportive case management contact on a quarterly basis (Tr. 881, 297).

The ALJ also discussed Plaintiff's daily living activities. He was enrolled in (and successfully completed) an online bachelor's degree program in criminal justice (Tr. 823, 1219). He was focused on his studies and did homework (Tr. 873, 821). He made things with his children, accompanied his fiancée (who is a photographer) when she went to take photos, and grocery shopped in the evenings (*Id.*). The VA expressly noted that Plaintiff engaged in "normal, routine" activities of daily living (Tr. 823).

The ALJ also gave significant weight to the opinions of Dr. Julie Bruno and Dr. James L. Meyers, the state agency psychological consultants, who each opined that Plaintiff is capable of simple, routine tasks (Tr. 92, 108, 882). The ALJ also gave significant weight to the opinion of Dr. John T. Blaze, the consultative psychologist, who found that Plaintiff's mental health symptoms moderately to severely impacted his activities of daily living, vocational performance, and interpersonal interactions (Tr. 634, 882). Then, considering Plaintiff's daily living activities, the ALJ found that the overall evidence supports only moderate mental functional limitations (Tr. 882).

Plaintiff argues that the ALJ erred in affording little weight to the VA's disability determination because the VA's findings are consistent with Plaintiff's treatment records (Doc. 30 at 17). Specifically, Plaintiff notes that he reported having auditory or visual hallucinations during most medical visits; he suffered from a depressed mood, forgetfulness, nightmares and impaired sleep, and traumatic recollections of his wartime experiences (*Id.* at 17–18). This argument is, in essence, that there is evidence in the record that supports an alternative conclusion than that reached by the ALJ. This is outside of the scope of this Court's review. *See, e.g.*, *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) ("To the extent that Moore points to other evidence which would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from 're-weigh[ing] the evidence or substitut[ing] our own judgment for that [of the Commissioner]' . . . .") (alterations in original); *Fritts v. Saul*, No. 1:20-00064-N, 2021 WL 1183807, at *10 (S.D. Ala. Mar. 29, 2021) ("[T]he fact that Fritts can cite to some evidence cutting against the ALJ's

creditability determination does not warrant reversal, as an ALJ's factual determinations, if supported by substantial evidence, must be upheld even if the evidence preponderates against them.").

Moreover, the ALJ clearly considered Plaintiff's metal health impairments—he discussed Plaintiff's hallucinations, depressed mood, anxiety, forgetfulness, and nightmares throughout his opinion (*See, e.g.*, Tr. 872, 873, 876, 882). The ALJ did not deny that Plaintiff suffered from PTSD, depression, or anxiety (indeed, he found them to be severe impairments at step two). Instead, the ALJ found that these impairments did not render Plaintiff disabled. *See Fairbrother v. Comm'r of Soc. Sec.*, No. 6:17-cv-1306-Orl-DCI, 2018 WL 3642274, at *5 (M.D. Fla. Aug. 1, 2018) ("[T]he mere presence of impairments and limitations do not automatically equate to a finding of disability. Rather the limitations must be of the type that would preclude all work activity."). The ALJ concluded that "[t]he overall evidence supports the claimant as able to sustain ongoing work activity of a routine, repetitive nature, in a work setting with decreased interpersonal demands and only occasional contact with co-workers, supervisors, and the public." (Tr. 881). The ALJ then included limitations in Plaintiff's RFC to account for his mental health impairments. Namely, the ALJ limited Plaintiff to routine and repetitive tasks; to occasional interaction with supervisors, coworkers, and the public; and provided that he would be off task eight percent of the time in an eight-hour workday (Tr. 871).

Finally, "the task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ . . . ." *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010). Plaintiff has failed to demonstrate that the ALJ's RFC

12

assessment does not fairly address his limitations or that his limitations are greater than those determined by the ALJ. As such, Plaintiff has not shown that the ALJ erred.

## V.     Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Defendant and close the case.

**ORDERED** in Tampa, Florida, on July 6, 2022.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE